O

32

# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
### SOUTHERN DIVISION

UNITED STATES OF AMERICA,

                Plaintiff,

-vs-

**Case: 2:06-cr-20122**
**Assigned To : Cohn, Avern**
**Referral Judge: Morgan, Virginia M**
**Assign. Date : 03/01/2006 @3:30PM**
**Description: SEALED INDI (15 DFTS) TAM**

VIOLATIONS:

| | | |
|---|---|---|
| D-1 | PETER DOMINIC TOCCO, | 18 U.S.C. § 1962(c) |
| D-2 | PETER JOSEPH MESSINA, | 18 U.S.C. § 1955 |
| D-3 | DAVID JOHN ACETO, | 18 U.S.C. § 371 |
| D-4 | THOMAS JAMES MACKEY, | 18 U.S.C. §§ 1956(a)(1)(A)(i), B(i) and B(ii) |
| D-5 | WAYNE JOSEPH KASSAB, | 18 U.S.C. § 2 |
| D-6 | JOHN WILLIAM MANETTAS, | 18 U.S.C. § 894 |
| D-7 | DOMINIC CORRADO, | 18 U.S.C. § 1952 |
| D-8 | JACK V. GIACALONE, | 18 U.S.C. § 1963(a)(3) |
| D-9 | RONALD S. YOUROFSKY, | 18 U.S.C. § 1963(m)(3) |
| D-10 | ALAN H. RUSSELL,<br>a/k/a "Shorty," | |
| D-11 | VINCENZO BRONZINO, | |
| D-12 | JOSEPH MESSINA, | |
| D-13 | VIRGINIA NAVA, | |
| D-14 | WILLIAM JOHN MANETTAS, | |
| D-15 | PETER TOCCO (son of D-1 Peter Dominic Tocco), | |

                Defendants.

# INDICTMENT

THE GRAND JURY CHARGES:

## COUNT ONE

### (18 U.S.C. § 1962 (c) - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS – CONSPIRACY)

D-1   PETER DOMINIC TOCCO
D-2   PETER JOSEPH MESSINA
D-3   DAVID JOHN ACETO
D-4   THOMAS JAMES MACKEY
D-5   WAYNE JOSEPH KASSAB
D-6   JOHN WILLIAM MANETTAS

## THE ENTERPRISE

1.     At various times relevant to this Indictment, PETER DOMINIC TOCCO,

PETER JOSEPH MESSINA, DAVID JOHN ACETO, THOMAS JAMES MACKEY,

WAYNE JOSEPH KASSAB, and JOHN WILLIAM MANETTAS, the Defendants, and

others known and unknown, were members and associates of an enterprise, a criminal

organization whose members and associates would finance, manage and conduct unlawful

sports bookmaking, by establishing offices to take bets over the telephone, by establishing

financial arrangements with smaller bookmakers in their employ, and by conducting pay and

take with the bettors; i.e., either paying winning bettors, or collecting on the gambling debt

from losing bettors.

The enterprise, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the enterprise"), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## THE RACKETEERING CONSPIRACY

2.      From at least January 1998 and continuing through the date of this Indictment, the exact dates being unknown to the Grand Jury, in the Eastern District of Michigan and elsewhere, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA, DAVID JOHN ACETO, THOMAS JAMES MACKEY, WAYNE JOSEPH KASSAB and JOHN WILLIAM MANETTAS, Defendants herein, being persons employed by and associated with an enterprise which was engaged in, and the activities of which affected, interstate and foreign commerce, did unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each other to violate Title 18, United States Code, Section 1962(c), that is, to conduct and participate, directly and indirectly, in the conduct of the affairs of the enterprise through a pattern of racketeering activity, including:

> A.     Acts indictable under Title 18, United States Code, Section 894 (relating to collecting extensions of credit by extortionate means and conspiracy to do so);

B.     Acts indictable under Title 18, United States Code, Section 1952 (relating to interstate travel and the use of interstate facilities in and unlawful business enterprises involving gambling);

C.     Acts indictable under Title 18, United States Code, Section 1956 (relating to the laundering of monetary instruments); and,

D.     Acts involving gambling, that is, acts chargeable under Sections 750.157a(b), 750.92, 750.301, 750.304 and 750.314 of the Michigan Compiled Laws Annotated (MCLA) (relating to state gambling violations).

## MANNER AND MEANS OF THE CONSPIRACY

3.     Among the means and methods by which the Defendants and their associates conducted and participated in the conduct of the affairs of the enterprise were the following:

A.     It was a part of the conspiracy that the Defendants and their co-conspirators would, and did, finance, manage and conduct unlawful sports bookmaking, by establishing offices to take bets over the telephone, by establishing financial arrangements with smaller bookmakers in their employ, and by conducting pay and take with the bettors.

B.     It was further a part of the conspiracy that the Defendants and their co-conspirators would, and did, commit acts in connection with efforts to obtain money and other property from persons though the use of express or implied threats that harm would be done to those persons, their property and their businesses if they did not pay the gambling debts incurred by those individuals who had been involved in placing bets with the gambling operation conducted by the Defendants.

C.     It was further a part of the conspiracy that the Defendants and their co-conspirators would, and did, send individuals from the State of Michigan to other states to collect money from

-4-

individuals who owed money to the Defendants' illegal gambling business and used facilities in interstate commerce to collect or distribute proceeds from the Defendants' illegal gambling business.

D.  It was further part of the conspiracy that the Defendants and their co-conspirators would, and did, use a used car business to promote and carry on the illegal gambling business by accepting automobiles in satisfaction of gambling debts, and by engaging in financial transactions through the used car business for the purpose of concealing the nature, location, source and ownership or control of the proceeds generated by the Defendants' illegal gambling business.

## OVERT ACTS

4.  In furtherance of the conspiracy and to effect the objects thereof, the Defendants and their co-conspirators committed and caused to be committed the following overt acts, among others, in the Eastern District of Michigan and elsewhere.

A.  On or about May 1998, THOMAS JAMES MACKEY, Defendant herein, caused Sima Birach to wire money from Florida to Michigan.

B.  On or about June 19, 1998, THOMAS JAMES MACKEY and PETER DOMINIC TOCCO, Defendants herein, met at 12 Mile and Harper in St. Clair Shores, Michigan.

C.  On or about September 25, 1998, THOMAS JAMES MACKEY, Defendant herein, Joe Acovski, and Sima Birach met in Warren, Michigan.

-5-

D.    On or about March 10, 2003, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA and DAVID JOHN ACETO met at 16 Mile Road and Van Dyke in Sterling Heights, Michigan.

E.    On or about March 15, 2003, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA, JOHN WILLIAM MANETTAS and THOMAS JAMES MACKEY met in Troy, Michigan.

F.    On or about April 7, 2003, PETER DOMINIC TOCCO, Defendant herein, called and  spoke with Dominic Corrado in Illinois.

G.    On or about May 8, 2003, PETER DOMINIC TOCCO, Defendant herein, and Scott Bradley, met in Southfield, Michigan.

H.    On or about May 9, 2003, PETER DOMINIC TOCCO and DAVID JOHN ACETO, Defendants herein, had a telephone conversation.

I.    On or about May 10, 2003, PETER DOMINIC TOCCO, Defendant herein, placed a phone call, and had a conversation with Dominic Corrado.

J.    On or about May 11, 2003, PETER DOMINIC TOCCO and PETER JOSEPH MESSINA, Defendants herein, had a telephone conversation.

K.    On or about May 2003, Chad Johnson, at the direction of PETER JOSEPH MESSINA, Defendant herein, caused Federal Express to send $30,000 from North Carolina to Michigan to WAYNE JOSEPH KASSAB, Defendant herein.

-6-

L.      On or about June 14, 2003, PETER DOMINIC TOCCO and WAYNE JOSEPH KASSAB, Defendants herein, had a telephone conversation.

M.      On or about June 16, 2003, PETER DOMINIC TOCCO, THOMAS JAMES MACKEY and WAYNE JOSEPH KASSAB, Defendants herein, met in Shelby Township, Michigan.

N.      On or about August 7, 2003, WAYNE JOSEPH KASSAB and PETER DOMINIC TOCCO, Defendants herein, met in Clinton Township, Michigan.

O.      On or about August 10, 2003, WAYNE JOSEPH KASSAB and PETER DOMINIC TOCCO, Defendants herein, met in Clinton Township, Michigan.

P.      On or about August 25, 2005, PETER DOMINIC TOCCO, DAVID JOHN ACETO, Jack V. Giacalone and Henry Allen Hilf met in St. Clair Shores, Michigan.

Q.      On or about September 3, 2003, PETER DOMINIC TOCCO and PETER JOSEPH MESSINA, Defendants herein, and Paul Corrado, met in Shelby Township, Michigan.

R.      On or about October 22, 2003, PETER JOSEPH MESSINA, Defendant herein, spoke with Vincenzo Bronzino.

S.      On or about October 22, 2003, DAVID JOHN ACETO and PETER JOSEPH MESSINA, Defendants herein, and Alan H. Russell, met in Detroit, Michigan.

-7-

T.      On or about January 15, 2004, PETER JOSEPH MESSINA and THOMAS JAMES MACKEY, Defendants herein, met in Roseville, Michigan.

U.      On or about January 15, 2004, THOMAS JAMES MACKEY, Defendant herein, met with Zarko Dimic at 11 Mile and Gratiot in Roseville, Michigan.

V.      On or about January 8, 2004, THOMAS JAMES MACKEY and PETER JOSEPH MESSINA, Defendants herein, had a telephone conversation.

W.      On or about January 8, 2004, PETER JOSEPH MESSINA, PETER DOMINIC TOCCO, and DAVID JOHN ACETO, Defendants herein, met with Art Kachi, at the Travis Restaurant located at 30100 Gratiot in Roseville, Michigan.

X.      On or about January 8, 2004, PETER JOSEPH MESSINA, Defendant herein, spoke to Ronald Zontini.

Y.      On or about February 5, 2004, PETER JOSEPH MESSINA, Defendant herein, and David Spurgeon had a telephone conversation.

Z.      On or about February 6, 2004, PETER JOSEPH MESSINA, Defendant herein, met David Spurgeon in Pontiac, Michigan.

AA.     On or about May 14, 2004, David Spurgeon, at the direction of PETER JOSEPH MESSINA, Defendant herein, wrote a check which was deposited in the account of Patrick Auto Sales.

All in violation of Title 18, United States Code, Section 1962 (c).

-8-

## COUNT TWO

### (18 U.S.C. §1962 (c) - RACKETEER INFLUENCED AND CORRUPT ORGANIZATIONS CONSPIRACY)

D-1   PETER DOMINIC TOCCO
D-2   PETER JOSEPH MESSINA
D-3   DAVID JOHN ACETO
D-4   THOMAS JAMES MACKEY
D-7   DOMINIC CORRADO
D-8   JACK V. GIACALONE

### THE ENTERPRISE

1.     At various times relevant to this Indictment, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA, DAVID JOHN ACETO, THOMAS JAMES MACKEY, DOMINIC CORRADO, and JACK V. GIACALONE, the Defendants, and others known and unknown, were members and associates of an enterprise, a criminal organization whose members and associates would collect unlawful debt.

The enterprise, including its leadership, membership and associates, constituted an "enterprise," as defined by Title 18, United States Code, Section 1961(4) (hereinafter "the enterprise"), that is, a group of individuals associated in fact. The enterprise constituted an ongoing organization whose members functioned as a continuing unit for a common purpose of achieving the objectives of the enterprise. This enterprise was engaged in, and its activities affected, interstate and foreign commerce.

## THE RACKETEERING CONSPIRACY

2.      From on or about January 1998, and continuing to the date of this Indictment,

the exact dates being unknown to the Grand Jury, in the Eastern District of Michigan, and

elsewhere, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA, DAVID JOHN

ACETO, THOMAS JAMES MACKEY, DOMINIC CORRADO, and JACK V.

GIACALONE, Defendants herein, being persons employed by and associated with an

enterprise which engaged in, and the activities of which affected interstate commerce, did

unlawfully, knowingly and intentionally combine, conspire, confederate and agree with each

other and with other persons known and unknown, to violate Title 18, United States Code,

Section 1962(c), that is to conduct and participate directly and indirectly, in the conduct of

the affairs of the above described enterprise through the collection of unlawful debt.

3.      It was a part of the conspiracy that the Defendants and their co-conspirators

would conduct and participate directly and indirectly in the affairs of the above-described

enterprise through multiple acts of collection of unlawful debt.

4.      It was part of the conspiracy that the Defendants and their co-conspirators

would and did knowingly collect unlawful debts and aid, abet, counsel, command, induce and

procure the collection of unlawful debt in various and varying amounts from various and

varying persons both known and unknown, said unlawful debts having been incurred and

contracted in gambling activity, which was in violation of the laws of the State of Michigan

and which was incurred in connection with the business of gambling in violation of the laws

of the State of Michigan (Sections 750.92, 750.157a(b), 750.301, 750.304 and 750.314 of the

Michigan Compiled Laws).

5.     It was further part of the conspiracy that the defendants and their co-

conspirators would collect unlawful debts as defined in Title 18, United States Code, Section

1961(6), incurred in connection with sports bookmaking conducted by the Defendants and

their co-conspirators.

6.     It was further part of the conspiracy that each Defendant agreed that one or

more collections of unlawful debt as defined in Title 18, United States Code, Section 1961(6)

would be made in the conduct of the enterprise described in this Indictment.

## OVERT ACTS

7.     In furtherance of the conspiracy and to effect the objects thereof, the

Defendants and their co-conspirators committed and caused to be committed the following

overt acts:  from on or about January 1998 up to and including the date of this Indictment,

the Defendants would collect or cause to be collected from those bettors who had lost in

connection with illegal gambling activities, the money lost to the enterprise described in the

Indictment.  The profits of this operation were then distributed among the members of the

enterprise.

All in violation of Title 18, United States Code, Section 1962 (c).

## COUNT THREE

### (18 U.S.C. §371 - CONSPIRACY
### TO CONDUCT AN ILLEGAL GAMBLING BUSINESS
### IN VIOLATION OF 18 U.S.C. § 1955)

D-1    PETER DOMINIC TOCCO
D-2    PETER JOSEPH MESSINA
D-3    DAVID JOHN ACETO
D-4    THOMAS JAMES MACKEY
D-5    WAYNE JOSEPH KASSAB
D-6    JOHN WILLIAM MANETTAS
D-7    DOMINIC CORRADO
D-9    RONALD S. YOUROFSKY
D-10   ALAN H. RUSSELL, a/k/a "Shorty"
D-12   JOSEPH MESSINA
D-13   VIRGINIA NAVA
D-14   WILLIAM JOHN MANETTAS
D-15   PETER TOCCO (son of D-1 Peter Dominic Tocco)

1.      That from on or about January, 1998, continuing up to the date of this

Indictment, in the Eastern District of Michigan, and elsewhere, the Defendants, PETER

DOMINIC TOCCO, PETER JOSEPH MESSINA, DAVID JOHN ACETO, THOMAS

JAMES MACKEY, WAYNE JOSEPH KASSAB, JOHN WILLIAM MANETTAS,

DOMINIC CORRADO, RONALD S. YOUROFSKY, ALAN H. RUSSELL, a/k/a "Shorty,"

JOSEPH MESSINA, VIRGINIA NAVA, WILLIAM JOHN MANETTAS and PETER

TOCCO (son of D-1 Peter Dominic Tocco), together and with others known and unknown

to the Grand Jury, did unlawfully, willfully and knowingly combine, conspire and

confederate and agree among themselves and others to commit an offense against the United

-12-

States as follows: unlawfully, willfully and knowingly conduct, finance, manage, supervise, direct or own all or part of an illegal business, said illegal gambling business involving an illegal sports bookmaking operation in violation of the laws of the State of Michigan, Section 750.157(a)(b) of the Michigan Compiled Laws, in which said business was conducted; which illegal gambling business involved five or more persons who conducted, financed, managed, supervised, directed or owned all or part thereof and, which gambling business remained in substantially continuous operation for a period in excess of thirty days in violation of Title 18, United States Court, Sections 1955 and 371.

## MANNER AND MEANS OF THE CONSPIRACY

2.      It was part of the conspiracy that:

A.      There existed an illegal sports bookmaking operation comprised of numerous individuals which operated in the Detroit metropolitan area and elsewhere. The operation was a syndicate of bookmakers who would direct their respective bettors or customers to utilize the telephone to place bets and wagers. The bettors would identify themselves utilizing a code to the person answering the telephone. The code identified to the to the person in the betting office with which bookmaker the bettor was associated.

B.      PETER DOMINIC TOCCO occupied a managerial or supervisory role in the aforesaid operation.

-13-

C.    PETER JOSEPH MESSINA, DAVID JOHN ACETO, THOMAS JAMES MACKEY, WAYNE JOSEPH KASSAB and JOHN WILLIAM MANETTAS operated as bookmakers, oversaw "writers," that is individual employees of the operation who telephonically accepted bets and wagers, disseminated "line information" (current point spreads on sporting contests) on behalf of the operation and did "pay and take" with winning or losing individual bettors with the operation.

D.    RONALD S. YOUROFSKY, ALAN H. RUSSELL, a/k/a "Shorty," WILLIAM JOHN MANETTAS and others known and unknown, were employed by the aforementioned illegal sports bookmaking operation to man an office and accept wagers and bets over the telephone, record the bets, disseminate or provide "line information" to individual bettors and to report the nature and amount of wagers and bets to those in managerial positions, i.e., PETER DOMINIC TOCCO, PETER JOSEPH MESSINA, DAVID JOHN ACETO, THOMAS JAMES MACKEY, WAYNE JOSEPH KASSAB and JOHN WILLIAM MANETTAS.

E.    JOSEPH MESSINA operated as an employee of his brother, PETER JOSEPH MESSINA, receiving a 25% commission on all losses sustained by his bettors which bets were placed with PETER JOSEPH MESSINA.

F.    VIRGINIA NAVA operated as an employee of her brother, PETER
JOSEPH MESSINA, performing tasks such as "pay and take" and banking or holding
proceeds from the illegal gambling business.

G.    PETER TOCCO (son of D-1 PETER DOMINIC TOCCO) was a sub-
book for his father, PETER DOMINIC TOCCO, in that he accepted bets and reported those
bets to his father who acted as the guarantor of the bets.  PETER TOCCO (son of D-1
PETER DOMINIC TOCCO) conducted "pay and take" with his bettors.

## OVERT ACTS

3.    In furtherance of the conspiracy and to achieve the objects thereof, the
Defendants and their co-conspirators, known and unknown to the Grand Jury, committed and
caused to be committed, among others, the following overt acts in the Eastern District of
Michigan and elsewhere:

A.    On or about May, 1998, THOMAS JAMES MACKEY, Defendant
herein, caused Sima Birach to move money from Florida to Michigan.

B.    On or about June 19, 1998, THOMAS JAMES MACKEY and PETER
DOMINIC TOCCO, Defendants herein, met at 12 Mile and Harper in St. Clair Shores,
Michigan.

-15-

C.      On or about March 10, 2003, PETER DOMINIC TOCCO, PETER

JOSEPH MESSINA, JOHN WILLIAM MANETTAS and THOMAS JAMES MACKEY,

Defendants herein, met in Troy, Michigan.

D.      On or about May 18, 2003, PETER DOMINIC TOCCO and PETER

TOCCO (son of D-1 PETER DOMINIC TOCCO) had a telephone conversation.

E.      On or about September 29, 2003, VIRGINIA NAVA and PETER

MESSINA, Defendants herein, had a telephone conversation.

F.      On or about October 22, 2003, DAVID JOHN ACETO, PETER

JOSEPH MESSINA and ALAN H. RUSSELL, a/k/a "Shorty," Defendants herein, met in

Detroit, Michigan.

G.      On or about March 6, 2004, JOSEPH MESSINA and PETER JOSEPH

MESSINA, Defendants herein, had a telephone conversation.

H.      On March 11, 2004, RONALD S. YOUROFSKY and THOMAS

JAMES MACKEY, Defendants herein, had a telephone conversation.

I.      On or about April 13, 2004, WILLIAM JOHN MANETTAS and

THOMAS JAMES MACKEY, Defendants herein, had a telephone conversation.

All in violation of Title 18, United States Code, Sections 1955 and 371.

## COUNT FOUR

### (18 U.S.C. §§ 1956(a)(1)(A)(i) AND B(i) AND § 2 -- MONEY LAUNDERING, AIDING AND ABETTING)

D-1    PETER DOMINIC TOCCO
D-2    PETER JOSEPH MESSINA
D-3    DAVID JOHN ACETO

1.    On or about January 8, 2004, in the Eastern District of Michigan, Southern Division, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA and DAVID JOHN ACETO, Defendants herein, did knowingly cause to be conducted and attempt to conduct a financial transaction, to wit: the transfer of title in a 2002 Ford Taurus automobile, VIN: 1FAFP53U42G143650, which financial transaction involved the proceeds of a specified unlawful activity, to wit: gambling, in violation of the laws of the State of Michigan (Section 750.157(a)(b) of the Michigan Compiled Laws Annotated) as more particularly described in Paragraph 3A of Count One, which description is incorporated herein by reference:

A.    With the intent to promote the carrying on of that unlawful activity; i.e., gambling, in violation of the laws of the State of Michigan; and

B.    Knowing that the transaction was designed in whole and in part to conceal the nature, the source, the ownership or control of the proceeds of said unlawful activity; and

-17-

C.   Knowing that the property involved in the financial transaction, that is,

the aforesaid Ford Taurus, represented the proceeds of some form of

illegal activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i)

and Section 2.

## COUNT FIVE

### (18 U.S.C. §§ 1956(a)(1)(A)(i) AND B(i) AND § 2 --
### MONEY LAUNDERING, AIDING AND ABETTING)

D-1   PETER DOMINIC TOCCO
D-2   PETER JOSEPH MESSINA
D-3   DAVID JOHN ACETO


1.   On or about January 8, 2004, in the Eastern District of Michigan, Southern

Division, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA, and DAVID JOHN

ACETO, Defendants herein, did knowingly cause to be conducted and attempt to conduct a

financial transaction, to wit: the transfer of title in a 2001 Dodge Stratus automobile, VIN:

1B3EJ46X71N600728, which financial transaction involved the proceeds of a specified

unlawful activity, to wit: gambling, in violation of the laws of the State of Michigan (Section

750.157(a)(b) of the Michigan Compiled Laws Annotated) as more particularly described in

Paragraph 3A of Count One of this Indictment, which description is incorporated herein by

reference:

-18-

A.     With the intent to promote the carrying on of that unlawful activity; i.e.,

gambling, in violation of the laws of the State of Michigan;

B.     Knowing that the transaction was designed in whole and in part to

conceal the nature, the source, the ownership or control of the proceeds

of said unlawful activity; and

C.     Knowing that the property involved in the financial transaction, that is,

the aforesaid Dodge Stratus, represented the proceeds of some form of

illegal activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i)

and Section 2.

## COUNT SIX

### (18 U.S.C. §§ 1956(a)(1)(A)(i) AND B(i) AND § 2 -- MONEY LAUNDERING, AIDING AND ABETTING)

D-1     PETER DOMINIC TOCCO
D-2     PETER JOSEPH MESSINA

1.     On or about February 6, 2004, in the Eastern District of Michigan, Southern

Division, PETER DOMINIC TOCCO and PETER JOSEPH MESSINA, Defendants herein,

did knowingly cause to be conducted and attempt to conduct a financial transaction, to wit:

the transfer of title in a 1989 Ford Mustang GT automobile, VIN: 1FABP42E0K1268492,

which financial transaction involved the proceeds of a specified unlawful activity, to wit:

gambling, in violation of the laws of the State of Michigan (Section 750.157(a)(b) of the Michigan Compiled Laws Annotated) as more particularly described in Paragraph 3A of Count One of this Indictment, which description is incorporated herein by reference:

      A.    With the intent to promote the carrying on of that unlawful activity; i.e., gambling in violation of the laws of the State of Michigan; and

      B.    Knowing that the transaction was designed in whole and in part to conceal the nature, the source, the ownership or control of the proceeds of said unlawful activity; and

      C.    Knowing that the property involved in the financial transaction, that is, the aforesaid Ford Mustang GT, represented the proceeds of some form of illegal activity.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and B(i) and Section 2.

## COUNT SEVEN

### (18 U.S.C. §§ 1956(a)(1)(A)(i) and (B)(ii) AND 2 - MONEY LAUNDERING, AIDING AND ABETTING)

D-1   PETER DOMINIC TOCCO
D-2   PETER JOSEPH MESSINA
D-3   DAVID JOHN ACETO
D-10  ALAN H. RUSSELL, a/k/a "Shorty"
D-11  VINCENZO BRONZINO

-20-

I.     That on or about October 22, 2003 through October 30, 2003, in the Eastern District of Michigan, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA, DAVID JOHN ACETO, ALAN H. RUSSELL, a/k/a "Shorty," and VINCENZO BRONZINO, Defendants herein, did knowingly cause to be conducted and attempt to conduct a financial transaction, to wit: a series of transactions intended to convert 15 chips, issued by Greektown Casino, each valued at $1,000, into United States currency, knowing that the chips constituted criminally derived property from a specified unlawful activity, to wit: gambling, in violation of the laws of the State of Michigan (Section 750.157(a)(b) of the Michigan Compiled Laws Annotated) as more particularly described in Paragraph 3A of Count One of this Indictment, which description is incorporated herein by reference:

    A.     With the intent to promote the carrying on of that unlawful activity; i.e., gambling, in violation of the laws of the State of Michigan; and

    B.     Knowing that the transaction was designed in whole and in part to avoid a transaction reporting requirement under State or Federal law.

All in violation of Title 18, United States Code, Sections 1956(a)(1)(A)(i) and (B)(ii) and 2.

## COUNT EIGHT

### (18 U.S.C. § 894 - COLLECTION OF EXTENSION
### OF CREDIT BY EXTORTIONATE MEANS)

D-1   PETER DOMINIC TOCCO
D-2   PETER JOSEPH MESSINA
D-4   THOMAS JAMES MACKEY
D-5   WAYNE JOSEPH KASSAB


1.      That on or about June 16, 2003, in the Eastern District of Michigan, Southern

Division, and elsewhere, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA,

THOMAS JAMES MACKEY and WAYNE JOSEPH KASSAB, Defendants herein, did

knowingly participate or conspire to participate in the use of extortionate means to collect

and attempt to collect a gambling debt from Chadwick Johnson, by making express or

implicit threats to Gary David Gill by advising Gary David Gill that any failure on the part

of Chadwick Johnson to satisfy his gambling debts to the Defendants would result in

violence or other criminal means to cause harm to Chadwick Johnson and his family.

All in violation of Title 18, United States Code, Section 894.

## COUNT NINE

### (18 U.S.C. § 894 - COLLECTION OF EXTENSION
### OF CREDIT BY EXTORTIONATE MEANS)


D-1   PETER DOMINIC TOCCO
D-3   DAVID JOHN ACETO
D-8   JACK V. GIACALONE

1.    That on or about August 25, 2003, in the Eastern District of Michigan, PETER

DOMINIC TOCCO, DAVID JOHN ACETO and JACK V. GIACALONE, Defendants

herein, did knowingly participate or conspire to participate in the use of extortionate means,

i.e., express and implicit threats of the use of violence or other criminal means to cause harm

to the person of Don Julius Deseranno to collect or attempt to collect an alleged gambling

debt owed by Don Julius Deseranno.

All in violation of Title 18, United States Code, Section 894.

## COUNT TEN

### (18 U.S.C. §§1952 AND 2 - INTERSTATE
### TRAVEL IN AID OF RACKETEERING)

D-1    PETER DOMINIC TOCCO
D-7    DOMINIC CORRADO

1.    That from on or about May 10, 2003, in the Eastern District of Michigan and

elsewhere, PETER DOMINIC TOCCO and DOMINIC CORRADO, Defendants herein, did

travel to or aid and abet in travel from the State of Michigan to the State of Illinois with the

intent to promote, manage, establish, carry on or facilitate the promotion, management,

establishment or carrying on of an unlawful activity, i.e., a business involving gambling, in

violation of the laws of the State of Michigan, and thereafter DOMINIC CORRADO did give

and PETER DOMINIC TOCCO did accept a sum of United States currency collected by

DOMINIC CORRADO, which money constituted a gambling debt collected on May 10, 2003, from Bryan Baer, an act to facilitate the promotion, management, establishment or carrying on of an unlawful activity, i.e., a business involving gambling, in violation of the laws of the State of Michigan.

All in violation of Title 18, United States Code, Sections 1952 and 2.

## COUNT ELEVEN

### (18 U.S.C. §§1952 AND 2 - INTERSTATE TRAVEL IN AID OF RACKETEERING)

D-1    PETER DOMINIC TOCCO
D-7    DOMINIC CORRADO

1.      That from on or about April 7, 2003, in the Eastern District of Michigan and elsewhere, PETER DOMINIC TOCCO, Defendant herein, did use a facility in interstate commerce, i.e., the telephone to call from the State of Michigan to the State of Illinois where he spoke to DOMINIC CORRADO, Defendant herein, with the intent to promote, manage, establish, carry on or facilitate the promotion, management, establishment or carrying on of an unlawful activity, i.e., a business involving gambling, in violation of the laws of the State of Michigan, and thereafter DOMINIC CORRADO did collect a gambling debt from Bryan Baer, an act to facilitate the promotion, management, establishment or carrying on of an unlawful business, i.e., a business involving gambling, in violation of the laws of the State of Michigan.

-24-

All in violation of Title 18, United States Code, Sections 1952 and 2.

## COUNT TWELVE

### (18 U.S.C. § 1963(a)(3) - FORFEITURE)

D-1    PETER DOMINIC TOCCO
D-2    PETER JOSEPH MESSINA
D-3    DAVID JOHN ACETO
D-4    THOMAS JAMES MACKEY
D-5    WAYNE JOSEPH KASSAB
D-6    JOHN WILLIAM MANETTAS

1.    The allegations of Counts One and Two of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeitures pursuant to the provisions of Title 18, United States Code, Section 1963.

2.    If convicted of the offenses charged in Counts One and Two, pursuant to Title 18, United States Code, Section 1963(a)(3), Defendants, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA, DAVID JOHN ACETO, THOMAS JAMES MACKEY, WAYNE JOSEPH KASSAB and JOHN WILLIAM MANETTAS, shall forfeit any property constituting or derived from proceeds which they obtained, directly or indirectly, from a conspiracy to conduct an enterprise through a pattern of racketeering activity, or from the collection of unlawful debt or the conspiracy to collect such debt, or both, in violation of Title 18, United States Code, Sections 1962(c).    Such property includes, but is not necessarily limited to, proceeds in the amount of at least $5,964,000, and includes the

property listed below which may be forfeited in its own right or applied in partial satisfaction

of the joint and several money judgment the Government intends to seek against the

Defendants as provided in Fed. R. Crim. P. 32.2(b)(1):

A.   Real estate located at 31035 Greenhaven St., Roseville, MI 48066, being more fully described as:

"VENETIAN ESTATES SUB 'N " LOT 47 AND n 8.0 FT OF LOT 84

Parcel ID #: 1404356034

Titled to: Joseph Messina

B.   Seven Thousand One Hundred Forty-Four Dollars and Thirty-Four Cents ($7,144.34) in U.S. currency seized from Account Number 637322272, held at Bank One in the names of Patrick Longueuil and Peter Messina, doing business as Patrick Auto Sales.

C.   Forty-Two Thousand Three Hundred Sixteen Dollars and Twenty-Eight Cents ($42,316.28) in U.S. currency seized from Account Number 311-0189135 at Charter One Bank, held in the name of Patrick Motor Sales.

D.   Seven checks payable to Patrick Auto Sales, totaling Sixteen Thousand Nine Hundred and Fifty Dollars ($16,950.00) in U.S. currency seized from Motor City Auto Auction, located at 31065 Groesbeck, Fraser, Michigan.

E.   Five checks payable to the U.S. Marshals Service, totaling Eight Thousand Five Hundred Sixty-Five Dollars ($8,565.00) in U.S. currency, originally payable to Patrick Auto Sales, seized from Motor City Auto Auction.

F.   Proceeds held by the U.S. Marshals Service in the amount of Sixty Thousand Four Hundred Fifty Dollars ($60,450.00) realized from the sale of the following seized vehicles:

i.     One 1996 Ford Explorer VIN: 1FMCU24X4TUA55242;
ii.    One 1997 Ford Expedition VIN:1FMFU18LXVLC15714;
iii.   One 1999 Ford Windstar VIN:2FMZA5141XBA77242;
iv.    One 1997  Nissan Sentra VIN:3N1AB41D8VL012966;
v.     One1999 Ford Windstar VIN:2FMZA534OXBC53694;
vi.    One 1995 Pontiac Firebird VIN:2G2FV22P6S2237535;
vii.   One1996 Cadillac Deville VIN:1G6KD52Y9TU267246;
viii.  One1997ChevroletYukon VIN:1GKEK13R5VJ714535;
ix.    One 1993 Lincoln Towncar VIN:1LNLM81W4PY685159;
x.     One 2001 Oldsmobile Aurora VIN:1G3GS64C814159522;
xi.    One1999 Dodge Caravan VIN:1B4GP45G8XB512222;
xii.   One 2001 Dodge Neon VIN:1B3ES46C01D103181;
xiii.  One 1997 Dodge Ram 1500 VIN:1B7HC16Y3VJ517422;
xiv.   One 1999 Chevrolet Suburban VIN:3GKFK16ROXG530608;
xv.    One 1997 Ford E-250 Van VIN:1FTFS2425VIIA64748;
xvi.   One 1997 Oldsmobile Aurora VIN:1G3GR62C1V4112112;
xvii.  One 2001 Chevrolet Malibu VIN:1G1ND52J416201291;
xviii. One 1996 Jeep Grand Cherokee VIN:1J4EZ78Y0TC148127;
xix.   One 2000 Chevrolet Malibu VIN:1G1NE52J5Y6131646;

said vehicles all claimed by PETER MESSINA in civil forfeiture Case No. 04-75091 (Cohn,

J.; E.D. Mich.). A claim of ownership to three of the vehicles, the 2001 Oldsmobile Aurora

VIN:1G3GS64C814159522, the 1999 Dodge Caravan VIN:1B4GP45G8XB512222, and the

Dodge Neon VIN:1B3ES46C01D103181, was also filed by a non-defendant third party in

the same civil case.

## COUNT THIRTEEN

### (18 U.S.C. §§ 981(a)(1)C), 1963(a)(2) and 1955(d) - FORFEITURE)

D-1   PETER DOMINIC TOCCO
D-2   PETER JOSEPH MESSINA
D-3   DAVID JOHN ACETO
D-4   THOMAS JAMES MACKEY

D-5    WAYNE JOSEPH KASSAB
D-6    JOHN WILLIAM MANETTAS

1.    The allegations of Counts One, Two and Three of this Indictment are hereby realleged and incorporated by reference for the purpose of alleging forfeiture of proceeds pursuant to the provisions of Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461 for violations of Title 18, United States Code, Section 1955.

2.    If convicted of the offenses charged in Count Three, pursuant to Title 18, United States Code, Section 981(a)(1)(C) and Title 28, United States Code, Section 2461, Defendants, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA, DAVID JOHN ACETO, THOMAS JAMES MACKEY, WAYNE JOSEPH KASSAB and JOHN WILLIAM MANETTAS, shall forfeit any property constituting or derived from proceeds which they obtained, directly or indirectly, from the illegal gambling business, including the property listed in Paragraph 2, above.

3.    If convicted of the offenses charged in Counts One or Three, pursuant to Title 18, United States Code, Sections 1963(a)(2) and 1955(d), Defendants, PETER DOMINIC TOCCO, PETER JOSEPH MESSINA, DAVID JOHN ACETO, THOMAS JAMES

MACKEY, WAYNE JOSEPH KASSAB and JOHN WILLIAM MANETTAS, shall forfeit any interest in, security of, claim against, or property or contractual right of any kind affording a source of influence over the enterprise(s) referred to and described in Counts One and Two of this Indictment, and shall forfeit any property used in violation of the provisions of Title 18, United States Code, Section 1955, including but not limited to the property listed below:

A.    Real estate known as 13321 Cloverlawn Dr., Sterling Heights, Michigan 48312, being more fully described as:

       EXECUTIVE HEIGHTS SUB 'N LOT 265

       Parcel ID # 1023277011
       Titled to: Merrie Kassab & Wayne Kassab

B.    Real estate known as 3928 Fairfax Dr., Troy, MI 48083, being more fully described as:

       T2N, R11E, SEC 24, WATTLES SQUARE SUBDIVISION LOT 32 12-14-87 FROM 100-034

       Parcel ID #: 2024102007

       Titled to: Loretta A. Tocco

C.    Real estate known as 31437 Greenhaven St., Roseville, MI 48066, being more fully described as:

       "SHADOWOODS NO. 2" LOT 100 AND N. 1.0 FT OF LOT 101

       Parcel ID #: 1404354008

       Titled to: Beverly Messina

D.    Real estate known as 37262 Robindale Ct., Clinton Twp., MI 48036, being more fully described as:

"MORAVIAN FOREST NO. 1." LOT 66

Parcel ID #: 1119455003

Titled to: Patricia A. Mackey

4.    If, as a result of any act or omission of any of the Defendants, any of the property described or alluded to in Paragraphs 2 and 3 above:

A.    Cannot be located upon the exercise of due diligence;

B.    Has been transferred or sold to , or deposited with, a third party;

C.    Has been placed beyond the jurisdiction of the court;

D.    Has been substantially diminished in value; or

E.    Has been commingled with other property which cannot be divided without difficulty;

and the Defendants have been convicted of the offenses charged in Count One, Two or Three of this Indictment, the United States shall seek and the Court shall order the forfeiture of any other property of the Defendants up to the value of any property described in Paragraphs 2

and 3, pursuant to Title 18, United States Code, section 1963(m) or Title 21, United States Code, section 853(p).

                              THIS IS A TRUE BILL.

                              s/Grand Jury Foreperson

STEPHEN J. MURPHY
United States Attorney


s/Keith E. Corbett, (P24602)
Assistant United States Attorney


Dated:  March 1, 2006

# ORIGINAL

| United States District Court<br>Eastern District of Michigan | **Criminal Case Cover** | Case: 2:06-cr-20122<br>Assigned To : Cohn, Avern<br>Referral Judge: Morgan, Virginia M<br>Assign. Date : 03/01/2006 @3:30PM<br>Description: SEALED INDI (15 DFTS) TAM |

NOTE: It is the responsibility of the Assistant U.S. Attorney signing this form to complete

| **Companion Case Information** | **Companion Case Number:** N/A |
|---|---|
| This may be a companion case based upon LCrR 57.10 (b)(4)[1]: | **Judge Assigned:** N/A |
| ☐ Yes  ☑No | **AUSA's Initials:** _KEC_ |

**Case Title:** USA v. **PETER DOMINIC TOCCO, et. al.**

**County where offense occurred :**   **Wayne and Macomb**

**Check One:**   ☑Felony         ☐ Misdemeanor         ☐ Petty

✓ Indictment/____ Information --- **no prior complaint.**
____ Indictment/____ Information --- based upon prior complaint [**Case number:** _____]
____ Indictment/____ Information --- based upon **LCrR 57.10 (d)** *[Complete Superseding section below]*.

## Superseding Case Information:

**Superseding to Case No:** _____         **Judge:** _____

☐ Original case was terminated; no additional charges or defendants.
☐ Corrects errors; no additional charges or defendants.
☐ Involves, for plea purposes, different charges or adds counts.
☐ Embraces same subject matter but adds the additional defendants or charges below:

**Defendant name**                    **Charges**

---

**Please take notice that the below listed Assistant United States Attorney is the attorney of record for the above captioned case.**

March 1, 2006                    _Keith E. Corbett_
Date

KEITH E. CORBETT
Assistant United States Attorney
211 W. Fort Street, Suite 2001
Detroit, MI  48226-3277
Phone: (313) 226-9640
Fax: (313) 226-5464
E-Mail address: keith.corbett@usdoj.gov
Attorney Bar # P24602

[1] Companion cases are matters in which it appears that (1) substantially similar evidence will be offered at trial, (2) the same or related parties are present, and the cases arise out of the same transaction or occurrence. Cases may be companion cases even though one of them may have already been terminated.

5/20/04